IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Doral Bank<br><br>Plaintiff<br><br>vs<br><br>PABLO ARTURO MORALES AGRELO a/k/a PABLO A. MORALES AGRELO, his wife ANA MARIA MUÑOZ VAZQUEZ a/k/a ANA MUÑOZ VAZQUEZ, and the conjugal partnership constituted between them<br><br>Defendants | CIVIL 15-2144CCC |

**OPINION AND ORDER**

Before the Court is the Federal Deposit Insurance Corporation, as Receiver for Doral Bank's ("FDIC-R") Informative Motion on Outcome of Administrative Review and Motion to Dismiss the Counterclaims (**d.e. 6**) filed on March 15, 2017, which remains unopposed. For the reasons stated below, the Court **GRANTS** the FDIC-R's Motion to Dismiss the Counterclaims.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On February 28, 2011, prior to the FDIC's appointment as receiver of Doral Bank, Doral Bank commenced a foreclosure action against defendants Pablo Arturo Morales Agreló a/k/a Pablo A. Morales Agreló, Ana María Muñoz Vázquez and the conjugal partnership constituted between them in the Commonwealth of Puerto Rico Court of First Instance, San Juan Part, claiming that defendants had breached the mortgage note, executed by the parties on

CIVIL 15-2144CCC                            2

December 13, 2004, by failing to pay the monthly installment due on June 1, 2010 and declaring the balance of the note due and payable. (d.e. 1-3, State Court Complaint).

Defendants filed for bankruptcy on March 1, 2011 and the Commonwealth case was stayed until March 20, 2012, after the bankruptcy proceedings were discharged. (d.e. 1-3). Defendants were served with process on March 28, 20112 and March 30, 2012 and appeared represented by attorney Luis A. Vega Collazo on April 24, 2012. (d.e. 1-3). On May 24, 2012, defendants filed a counterclaim claiming that Mortgage Modification Agreement had been executed between the parties and that they had complied with the payments in said agreement. (d.e. 1-3, Answer to Complaint). Defendant alleged that Doral did not comply with its obligations under the agreement and requested $100,000.00 for mental suffering and anguish and $50,000.00 plus interest for economic damages, in addition to cost and expenses and reasonable attorneys' fees. *Id*. On March 20 2013, Doral filed a Motion for Summary Judgment, which was opposed by defendant on May 27, 2013. (d.e. 1-4). On December 22, 2014, Doral filed a Motion for Judgment in Rem. (d.e. 1-4). The Commonwealth Court did not rule upon these motions. On February 27, 2015, the FDIC was appointed receiver of Doral Bank.[1] On August 20, 2015, the FDIC-R removed the instant case to this Court pursuant

---

[1] Doral Bank was closed by the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico on the same date. By operation of federal law, the FDIC-R, as receiver, succeeded to all of Doral's rights, titles, powers, privileges, assets, and liabilities, including Doral's interests and status as a party in this pending action. *See* 12 U.S.C. §§ 1821(d)(2)(A) and 1821(d)(2)(B).

to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1442(a)(1). (d.e. 1). The FDIC-R moves to dismiss defendants' counterclaim on the ground that the Court lacks subject matter jurisdiction. (d.e. 6).

## II.   PLEADING STANDARDS

Federal Rule 12(b)(6) states that a complaint will be dismissed if the pleadings fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court in *Bell Atl. Corp. v. Twombly*, held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007). When ruling on a motion to dismiss, the Court must accept the complaint's well-pleaded facts as true and indulge all reasonable inferences in the plaintiff's favor. *Cook v. Gates*, 528 F.3d 42, 48 (1st Cir. 2008). Although "*Twombly* does not require heightened fact pleading of specifics . . . it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.'" *Quirós v. Muñoz*, 670 F. Supp. 2d 130, 131 (D.P.R. 2009) (quoting *Twombly*, 127 S.Ct. 1955). "Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level.'" *Maldonado-Concepción v. Puerto Rico*, 683 F. Supp. 2d 174, 175-76 (D.P.R. 2010).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), the Supreme Court upheld *Twombly* and clarified that two

CIVIL 15-2144CCC                              4

underlying principles must guide this Court's assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 1950. "Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949.

### III.   DISCUSSION

The FDIC-R argues that the Court lacks jurisdiction to hear defendants' counterclaim because they failed to exhaust the mandatory administrative claims process provided for in the Financial Institution Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1811 *et seq*.

FIRREA establishes that when the FDIC-R is acting as a conservator or receiver, it succeeds to "all the rights, titles, powers, and privileges ... and the assets of the insured depository institution." 12 U.S.C. § 1821(d)(2)(A)(i). FIRREA also establishes a mandatory administrative claims review process, which must be exhausted by every claimant seeking payment from the assets of the affected institution. 12 U.S.C. § 1821(d)(13)(D). If the administrative

CIVIL 15-2144CCC                    5

claims review process is not completed by a claimant, a judicial bar will be imposed on "any claim that seeks payment, or determination of rights from the assets of the failed institution, for which the [FDIC] has been named receiver." *Id.*; *see also Lloyd v. FDIC*, 22 F.3d 335, 337 (1st Cir. 1994); *Marquis v. FDIC*, 965 F.2d 1148, 1153 (1st Cir. 1992).

In Puerto Rico, the Office of the Commission of Financial Institutions appoints the FDIC as receiver of a failed bank. *See* P.R. Laws Ann. tit. 7, § 2001 et seq. Once the FDIC has been appointed as receiver, it must publish a notice to the failed bank's claimants to notify them of their obligation to present proof of their claims by a specific date. 12 U.S.C. § 1821(d)(3)(B)(i). This date, which is known as the "bar date," must not be less than ninety days after publication of the notice to claimants. *FDIC v. Kane*, 148 F.3d 36, 38 (1st Cir. 1998) (citing 12 U.S.C. § 1821(d)(3)(B)). The notice must be republished twice, at approximately one and two months after the initial publication of the notice. 12 U.S.C. § 1821(d)(3)(B)(ii). It must also mail a similar notice to the failed bank's creditors to notify them of the FDIC's appointment as receiver and of the creditors' obligation to present their claims, with proof, by a specific date to the FDIC. 12 U.S.C. § 1821(d)(3)(C).

If a claimant timely files a claim before the bar date, the FDIC has authority to determine the claim in accordance with the procedures established in FIRREA. 12 U.S.C. § 1821(d)(3)-(6). If the claimant fails to file a timely claim before the bar date, then his or her right to have the claim heard is barred forever. 12 U.S.C. § 1821(d)(5)(C)(I). This is true regardless of whether a lawsuit to enforce the claim was initiated prior to the appointment of a receiver.

CIVIL 15-2144CCC                              6

*Marquis*, 965 F.2d at 1151 (1st Cir. 1992) (holding that "FIRREA makes participation in the administrative claims review process mandatory for all parties asserting claims against failed institutions, regardless of whether lawsuits to enforce those claims were initiated prior to the appointment of a receiver.").

The FDIC was appointed as receiver for Doral Bank on February 27, 2015. The FDIC-R has presented proof that it published the required notice to all Doral creditors in two different local newspapers, El Vocero and El Nuevo Día, on March 6, 2015, which is ninety days before the Claims Bar Date, and also on April 6, 2014 and May 5, 2015. (d.e. 6-4). The notice advised Doral's creditors that any claims related to Doral's liability must be asserted against the FDIC and that the deadline for filing the administrative claims against the FDIC was June 4, 2015, the "Claims Bar Date." *Id*.

Plaintiff also presented proof that it mailed individual notice to its creditors. (d.e. 6-2). This notice includes a "Proof of Claim Form" and a letter entitled "Notice to Discovered Creditor," in accordance with the notice requires set forth in 12 U.S.C. § 1821(d)(3)(B). *Id*. Plaintiff included a copies of the letters mailed to Pablo Arturo Morales Agreló on May 1, 2015 and on May 14, 2015. *Id*.

Defendant Pablo Arturo Morales Agreló filed a timely Proof of Claim on June 1, 2015, which comprised of the state court pleadings from the lawsuit pending at the time Doral Bank failed. (d.e. 6-1). The claim was disallowed by the FDIC-R on September 9, 2015. (d.e. 6-4). As a reason for disallowing the claim, the FDIC-R stated:

CIVIL 15-2144CCC                              7

>  **The petition is evidence of the claim, but not determinative of the bank's liability. The Claimant provided no additional supporting documentation to explain or evidence of the damage alleged. This Claim is disallowed as it is not proven to the satisfaction of the Receiver**.

*Id*.  The Notice of Disallowance of Claim mailed to defendant, dated September 9, 2015, further indicated that if defendant did not file a lawsuit (or continue any lawsuit commenced before the appointment of the Receiver) before the end of the 60-day period, the disallowance of the claim would be final and defendants would have no further rights or remedies with respect to your claim.  *Id*.

Although defendants filed a timely proof of claim, they failed to exhaust FIRREA's administrative review process by failing to take action *after* their claim was disallowed.  Pursuant to 12 U.S.C. § 1821(d)(6)(A), if the FDIC disallows a claim, the claimant has 60 days to either request administrative review, file a new action seeking review in federal court, or "continue" an action that began prior to the FDIC's appointment as receiver.  "If a claimant fails to exercise its rights before the end of the 60 day period, 'the claim shall be deemed to be disallowed . . . such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim.'" *Fed. Deposit Ins. Corp. v. Estrada-Rivera*, 813 F. Supp. 2d 265, 269-70 (D.P.R. 2011) (citing 12 U.S.C. § 1821(d)(6)(B)).

The FDIC-R disallowed the claim on September 9, 2015.  The disallowance which was mailed to Pablo Arturo Morales Agreló informed of the consequences of not acting within 60 days.  The 60-day term provided under FIRREA expired on November 8, 2015.  According to the FDIC-R, no

CIVIL 15-2144CCC					8

administrative review was ever requested, no action has been filed in federal court seeking a review of the administrative decision and the Commonwealth action was not "continued."[2]  As of this date, defendants have failed to appear in the federal court action.  Since defendants have failed to timely exhaust the administrative review process mandated under FIRREA, the Court lacks subject-matter jurisdiction to entertain Defendants' counterclaim.

## IV.   CONCLUSION

For the reasons set forth above, FDIC-R's Motion to Dismiss Counterclaims (**d.e. 6**) is **GRANTED**.  Defendants' counterclaim is hereby DISMISSED, with prejudice.  Judgment dismissing the counterclaim against plaintiff FDIC-R to be entered by separate order.

SO ORDERED.

At San Juan, Puerto Rico, on February 8, 2018.


						S/CARMEN CONSUELO CEREZO
						United States District Judge

---

[2]"To 'continue' an action requires some affirmative act by the claimant."  *Fed. Deposit Ins. Corp. v. Estrada-Rivera*, 813 F. Supp. 2d 265, 269 (D.P.R. 2011), *aff'd on other grounds sub nom. F.D.I.C. v. Estrada-Rivera*, 722 F.3d 50 (1st Cir. 2013).  The Commonwealth court record shows that that no action was taken by defendants after the disallowance of the claim.